UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JAMES A. RICHARDSON, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | No. 3:15-cv-869 |
| | ) | Judge Trauger |
| v. | ) | Magistrate Judge Brown |
| | ) | **Jury Demand** |
| ED RUSSELL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

To: The Honorable Aleta A. Trauger, United States District Judge

## REPORT AND RECOMMENDATION

Pending before the Court is Richardson's motion to dismiss Russell's counterclaims.[1] (Docket Entry 31). For the following reasons, the Magistrate Judge **RECOMMENDS** that Richardson's motion to dismiss be **GRANTED** in part and **DENIED** in part.

Specifically, the Magistrate Judge **RECOMMENDS** that Richardson's motion to dismiss be **GRANTED** as to Russell's counterclaims for intentional infliction of emotional distress, libel, and civil conspiracy and that Richardson's motion to dismiss be **DENIED** as to Russell's counterclaim for malicious prosecution.

### I. STATEMENT OF THE CASE

These claims arise from a contentious dispute regarding the authorship and ownership of a song titled "Butterfly Feeling." In this suit, Richardson maintains that he wrote the song in 2009 and that Russell, among others, acted in concert to steal the song. (Docket Entry 1 ¶¶ 8, 13, 21). Richardson brought a lawsuit for copyright infringement against Russell and others in the District Court of Massachusetts in January 2014. (Docket Entry 1 ¶ 26). The case was dismissed

---

[1] A related case, *Russell, et al. v. Richardson, et al.*, 3:14-cv-1555, is pending in this Court. To prevent confusion, the Plaintiff and Defendant in the current case are referred to by their last names, Richardson and Russell.

1

in July 2014 for lack of personal jurisdiction. (Docket Entry 1 ¶ 28). Russell next filed a copyright infringement case against Richardson in this Court, Case Number 3:14-cv-1555. (Docket Entry 1 ¶ 32). Throughout this protracted dispute, several unflattering and allegedly defamatory online posts were made. (Docket Entry 1 ¶¶ 23, 27, 29).

On August 10, 2015, Richardson filed a complaint in which he alleged claims of libel, malicious prosecution, intentional infliction of emotional distress, and civil conspiracy against Russell and others. (Docket Entry 1). Richardson claims that Russell's actions have cost him business and employment opportunities and have caused physical and mental harm. (Docket Entry 1 ¶¶ 34-35). At the time the lawsuit was filed, Richardson was domiciled in Massachusetts, and Russell was domiciled in Tennessee. (Docket Entry 1 ¶¶ 1-2).

The case was referred to the Magistrate Judge for a report and recommendation on dispositive motions. (Docket Entry 8). On October 14, 2015, Russell d/b/a Alley Roads Music BMI and Castle Records, proceeding *pro se*, filed a counter complaint in which he asserted claims of libel, malicious prosecution, intentional infliction of emotional distress, and civil conspiracy against Richardson. (Docket Entry 19). According to Russell, "Butterfly Feeling" was written by Johnny Edward Spears ("Mr. Spears") in 1996 and was published and demoed by Alley Roads Music BMI around 2004. (Docket Entry 19 ¶¶ 6-7). Russell argues that Richardson called Russell and others "thieves" online on January 29, 2014[2] and July 24, 2014. (Docket Entry 19 ¶¶ 20-21, 41). According to Russell, Richardson has intentionally tried to destroy Russell's reputation in the music industry and has cost him monetarily, physically, and mentally. (Docket Entry 19 ¶¶ 24-27).

---

[2] As is addressed later in this Report and Recommendation, the Plaintiff appears to have confused the dates August 8, 2014 and January 29, 2014. (Docket Entry 1-4, pp. 3-4) (Docket Entry 19 ¶¶ 20, 41) (Docket Entry 19-8).

On November 30, 2015, Richardson moved to dismiss Russell's counterclaims for failure to state a claim and for lack of subject matter jurisdiction. (Docket Entry 31). Russell responded to this motion on December 11, 2015, though he did not address the merits of Richardson's motion to dismiss. (Docket Entry 39). The matter is properly before the Court.

## II. STANDARD OF REVIEW

### A. Dismissal for Lack of Subject Matter Jurisdiction

When a party moves for dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court's jurisdiction is being challenged either facially or factually. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (citing *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007)). A facial attack on the court's subject matter jurisdiction is treated akin to a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* (citing *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012)). When presented with a factual attack, the court does not assume the plaintiff's factual allegations are true. *Id.* (citing *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1045 (6th Cir. 2015)). Instead, the court can weigh the evidence to determine if the facts support a finding that the court has subject matter jurisdiction over the case. *Id.* (quoting *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)).

### B. Dismissal for Failure to State a Claim

"To survive a motion to dismiss under Rule 12(b)(6), a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Carrier Corp.*, 673 F.3d at 444 (quoting Fed. R. Civ. P. 8(a)(2)). For purposes of a Rule 12(b)(6) motion to dismiss, the court accepts the plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *McCormick*, 693 F.3d at 658 (citations omitted);

*Memphis, Tennessee Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 902 (6th Cir. 2004) (citation omitted).

Generally, matters outside the pleadings are not considered when ruling on a Rule 12(b)(6) motion to dismiss. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citation omitted). Without turning a motion to dismiss into a motion for summary judgment, the court can consider "exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Id.* at 680-81 (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)) (internal quotations removed). Though the statute of limitations is an affirmative defense, it may be assessed under Rule 12(b)(6) motion to dismiss where the allegations in the complaint show that the claim is time-barred. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

### III.  ANALYSIS

**A.  Choice of Law**

As Richardson is domiciled in Massachusetts and as the lawsuit on which Russell's malicious prosecution claim is based was filed in Massachusetts, the choice of law is an important place to begin this Report and Recommendation. Since this lawsuit is in federal court under diversity jurisdiction, the Court will apply the law of the forum state, Tennessee, which includes Tennessee's choice-of-law rules. *See Montgomery v. Wyeth*, 580 F.3d 455, 459 (6th Cir. 2009) (citing *Uhl v. Komatsu Forklift Co.*, 512 F.3d 294, 302 (6th Cir. 2008)).

1. **Statute of Limitations**

Richardson moved to dismiss Russell's claims of malicious prosecution, libel, and intentional infliction of emotion distress as time-barred. (Docket Entry 31-1, p. 2).[3] Tennessee generally employs a one-year statute of limitations for "[a]ctions for libel, injuries to the person, false imprisonment, malicious prosecution, or breach of marriage promise." Tenn. Code Ann. § 28-3-104(a)(1)(A). Massachusetts, on the other hand, recognizes a three-year statute of limitations for "actions of tort, actions of contract to recover for personal injuries, and actions of replevin" and a three-year statute of limitations for claims of libel. Mass. Gen. Laws Ann. ch. 260, §§ 2A and 4.

Federal courts in diversity jurisdiction apply the forum state's laws to determine the statute of limitations. *Swanson v. Wilson*, 423 F. App'x 587, 592 (6th Cir. 2011) (citing *Atl. Richfield Co. v. Monarch Leasing Co.*, 84 F.3d 204, 205 (6th Cir. 1996)) (unpublished opinion). In Tennessee, the statute of limitations of the forum is applied "unless the action (1) is one encompassed by the state borrowing statute, Tenn. Code Ann. § 28-1-112, or (2) is one in which the foreign state's limitation is not merely upon the remedy but upon the underlying substantive right." *Mackey v. Judy's Foods, Inc.*, 654 F. Supp. 1465, 1469 (M.D. Tenn. 1987) (citing *Whitfield v. City of Knoxville*, 756 F.2d 455 (6th Cir. 1985); *McDaniel v. Mulvihill*, 263 S.W.2d 759 (Tenn. 1953); *Bournias v. Atl. Mar. Co.*, 220 F.2d 152 (2d Cir. 1955). Neither exception applies in this matter.

First, Tennessee's borrowing statute, Tenn. Code Ann. § 28-1-112,[4] only adopts another jurisdiction's statute of limitations if it bars the party's claims in the Tennessee court. *McNew v.*

---

[3] The page numbers assigned by CMECF are used throughout this Report and Recommendation.
[4] Tenn. Code Ann. § 28-1-112 provides: "Where the statute of limitations of another state or government has created a bar to an action upon a cause accruing therein, while the party to be charged was a resident in such state or such government, the bar is equally effectual in this state."

*People's Bank of Ewing*, 999 F.2d 540, 1993 WL 243772, at *3-5 (6th Cir. 1993) (applying Virginia's two-year statute of limitations instead of Tennessee's three-year statute of limitations when the lawsuit was filed two and one-half years after the events complained of) (unpublished opinion). Massachusetts' three-year statute of limitations for tort actions is greater than Tennessee's one-year statute of limitations. *Compare* Mass. Gen. Laws Ann. ch. 260, § 2A, *with* Tenn. Code Ann. § 28-3-104(a)(1)(A). As the events complained of occurred within the past three years, they would not be time-barred in Massachusetts, and therefore do not fall within the ambit of Tennessee's borrowing statute.

Second, Tennessee courts will adopt a foreign jurisdiction's statute of limitations if the foreign jurisdiction "by statute creates a new legal right unknown at common law and in the same statute limits the time period during which that right may be enforced." *Whitfield*, 756 F.2d at 461-62 (citing *Davis v. Mills*, 194 U.S. 451, 454 (1904) (explaining that "[t]he ADEA created new substantive rights unknown at common law"); *see also Mackey*, 654 F. Supp. at 1469 (applying Tennessee's statute of limitations because "although Alabama has separate statutes that describe the action for fraud and set out a specific statute of limitations for fraud, . . . the fraud statutes merely codify the pre-existing common-law action for fraud"). As the causes of action for malicious prosecution, intentional infliction of emotional distress, and libel are recognized at common law in Massachusetts, Tennessee courts would not adopt Massachusetts' statute of limitations under this exception. *See, e.g.*, *HipSaver, Inc. v. Kiel*, 984 N.E.2d 755, 763 n.7 (Mass. 2013) (discussing the common law of defamation); *Homesavers Council of Greenfield Gardens, Inc. v. Sanchez*, 874 N.E.2d 497, 501 (Mass. Appt. Ct. 2007) (discussing the common law claim of intentional infliction of emotional distress); *Adams v. Liberty Mut. Ins.*

*Co.*, 799 N.E.2d 130, 140 (Mass. App. Ct. 2003) (explaining that "an action for malicious prosecution is a common-law proceeding").

For these reasons, Tennessee's one-year statute of limitations should be applied to Russell's counterclaims for malicious prosecution, intentional infliction of emotional distress, and libel.

### 2. Substantive Law

Russell's counterclaims include the following counts: malicious prosecution, intentional infliction of emotional distress, libel, and civil conspiracy. (Docket Entry 19). To determine which state's substantive law applies in Tennessee courts, the Supreme Court of Tennessee has adopted the "most significant relationship" conflict-of-law approach of the Restatement (Second) of Conflict of Laws. *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992); *Torres v. Bridgestone/Firestone N. Am. Tire, LLC.*, No. M201300660COAR9CV, 2016 WL 1403658, at *6 (Tenn. Ct. App. Apr. 7, 2016). With respect to issues of tort, the court applies the law of the state with the most significant relationship to the action and the parties, considering:

> (a) the needs of the interstate and international systems,
>
> (b) the relevant policies of the forum,
>
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
>
> (d) the protection of justified expectations,
>
> (e) the basic policies underlying the particular field of law,
>
> (f) certainty, predictability and uniformity of result, and
>
> (g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws §§ 6(2) and 145(1) (Am. Law Inst. 1971). Additionally, the court considers the following state contacts:

7

> (a) the place where the injury occurred,
>
> (b) the place where the conduct causing the injury occurred,
>
> (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
>
> (d) the place where the relationship, if any, between the parties is centered.

Restatement (Second) of Conflict of Laws § 145(2). This applies in equal effect to claims for malicious prosecution. Restatement (Second) of Conflict of Laws § 155 (Am. Law Inst. 1971) ("The rights and liabilities of the parties for malicious prosecution . . . are determined by the local law of the state where the proceeding complained of occurred, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.").

As applied to Russell's claim of malicious prosecution, Massachusetts substantive state law should govern. Both Massachusetts and Tennessee recognize a claim for malicious prosecution based on the initiation of civil proceedings. *See Chervin v. Travelers Ins. Co.*, 858 N.E.2d 746, 753 (Mass. 2006); *Thompson v. Hamm*, No. W201500004COAR3CV, 2015 WL 7234539, at *4 n.6 (Tenn. Ct. App. Nov. 17, 2015) (citing *Kauffman v. A. H. Robins Co.*, 448 S.W.2d 400 (Tenn. 1969)). As the offending lawsuit was filed in a federal court in Massachusetts and the offending party resides in Massachusetts, Massachusetts is the state with the most significant relationship to this claim, and the state has a greater interest in the deterrent effect that stems from malicious prosecution suits. The same rationale would apply in Tennessee's favor had the offending suit been filed in Tennessee. Applying Massachusetts' malicious prosecution substantive law to suits stemming from Massachusetts cases is also the most predictable and

uniform method of handling these cases. Tennessee's conflict-of-laws approach heavily weighs in favor of applying Massachusetts state law to Russell's claim of malicious prosecution.

With respect to the remaining state law claims, intentional infliction of emotional distress, libel, and civil conspiracy, Tennessee substantive state law should be applied. Unlike the Massachusetts-based foundation for the claim of malicious prosecution, the actions giving rise to these other state law claims have weaker ties to Massachusetts. For instance, while Richardson, a Massachusetts resident, allegedly made defamatory statements, they were published online and the harm was felt in Tennessee where Russell resides. Similarly, the incidents which gave rise to Russell's counterclaims of intentional infliction of emotional distress and civil conspiracy likely occurred in Massachusetts but were felt by Russell in Tennessee. The state of Tennessee has an interest in protecting its residents from intentional infliction of emotional distress, libel, and civil conspiracy. Additionally, the use of Tennessee state law would be the most predictable and uniform approach.

Massachusetts' substantive law should be applied to Russell's counterclaim for malicious prosecution, and Tennessee's substantive law should be applied to Russell's counterclaims for intentional infliction of emotional distress, libel, and civil conspiracy.

**B. Malicious Prosecution**

Russell claims that Richardson "acted intentionally and [m]aliciously by falsely charging [Russell] with [c]opyright [i]nfringement in order to [s]teal the song ["Butterfly Feeling"] from him," which resulted in harm to Russell, including mental injury and suffering. (Docket Entry 19 ¶¶ 28-32). As Richardson did not allege copyright infringement in the current suit, Russell's allegation is assumed to be in reference to the case filed by Richardson against Russell in the

9

Massachusetts United States District Court, *Richardson v. Elrod, et al.*, 14-cv-10760-WGY, which was dismissed on July 16, 2014 for lack of personal jurisdiction. (Docket Entry 19-6).

Richardson argues that this claim is barred by the statute of limitations or, alternatively, a lack of constitutional standing. (Docket Entry 31-1, pp. 5-7). As jurisdictional questions, such as standing, should be addressed before substantive questions, the issue of standing is taken up first. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998).

1. **Constitutional Standing**

The federal judicial power may only be exercised to resolve cases and controversies. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008) (referring to U.S. Const. art. III, § 2). "That case-or-controversy requirement is satisfied only where a plaintiff has standing." *Id.* (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006)). As explained by the United States Supreme Court, "the irreducible constitutional minimum of standing" requires the showing of an (1) injury of fact which (2) was caused by the defendant's conduct and that (3) a favorable decision will likely redress the injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).[5]

To satisfy the injury in fact element of standing at the pleading stage, the plaintiff must allege that the defendant's conduct has resulted in, or will imminently result in, harm to a legally cognizable right. *Parsons v. U.S. Dep't of Justice*, 801 F.3d 701, 710 (6th Cir. 2015) (citations

---

[5] Traditionally, courts also considered the following prudential limitations on standing in determining whether the action was properly before the court: (1) a litigant may generally not raise another person's legal rights; (2) generalized grievances should normally be presented to the representative branch instead of the judicial branch; and (3) the litigant's complaint should "fall within the zone of interests protected by the law invoked." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (2014) (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004) *abrogated by Lexmark Int'l, Inc.*, 134 S. Ct. 1377). In recent years, the Supreme Court has placed the validity of the doctrine of prudential standing in question. *See Lexmark Int'l, Inc.*, 134 S. Ct. at 1386 (noting the tension between the judicially created doctrine of prudential standing and the "virtually unflagging" obligation of a federal court to hear and decide cases over which it has jurisdiction); *see also Kentucky v. U.S. ex rel. Hagel*, 759 F.3d 588, 596 (6th Cir. 2014). Regardless, Russell's claim for malicious prosecution does not run afoul of these prudential limitations. Russell solely invokes his legal rights in this suit; this is not a generalized grievance; and this claim falls within the zone of interests sought to be protected by the common law right against malicious prosecution.

omitted). The harm must be "both concrete and actual or imminent, not conjectural or hypothetical." *Babcock v. Michigan*, 812 F.3d 531, 539 (6th Cir. 2016) (quoting *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000)). "Although standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal, . . . it often turns on the nature and source of the claim asserted." *Warth v. Seldin*, 422 U.S. 490, 500 (1975) (internal citation omitted); *see also Midwest Media Prop., L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 470 (6th Cir. 2007) ("[S]ince the district court analyzed the constitutionality of the sign regulations and used the resolution of that issue to deny standing, the court's decision is procedurally improper."); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 298 (6th Cir. 2005) ("Because the Adkinses argue that they were harmed when the district court applied a purportedly void decision as controlling precedent, they have alleged an injury sufficient to confer standing. This is true regardless of whether the *Galatis* decision is in fact void *ab initio*.").

The second element of constitutional standing requires the plaintiff to establish that the injury alleged can be fairly traced to the conduct complained of, even if the conduct is not the proximate cause of the injury. *Parsons*, 801 F.3d at 713 (citations omitted); *see also Babcock*, 812 F.3d at 539 (quoting *Vermont Agency of Nat. Res.*, 529 U.S. at 771). For purposes of this element, "causation means more than speculative but less than but-for . . . ." *Parsons*, 801 F.3d at 714. Last, the plaintiff must establish that an order from the presiding court is likely to provide "substantial and meaningful relief" to a discrete injury to the plaintiff. *Id.* at 715 (citations omitted); *see also Babcock*, 812 F.3d at 539 (quoting *Vermont Agency of Nat. Res.*, 529 U.S. at 771).

The burden of establishing Article III standing rests on the party invoking federal jurisdiction. *Lujan*, 504 U.S. at 561. If the plaintiff lacks standing to bring suit, the complaint

will be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008). "For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Parsons*, 801 F.3d at 710 (quoting *Warth*, 422 U.S. at 501); *see also Lujan*, 504 U.S. at 561 ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice . . . .").

Richardson contends that Russell's counterclaim for malicious prosecution should be dismissed for lack of standing because (1) Richardson's claim for malicious prosecution in the instant case is supported by probable cause, is not malicious, and has not been resolved in Russell's favor and (2) Richardson's Massachusetts case was not terminated in Russell's favor because it was dismissed for lack of personal jurisdiction. (Docket Entry 31-1, pp. 6-7). As the undersigned has already explained, Russell's allegation of malicious prosecution is based on the Massachusetts suit where Richardson asserted a claim of copyright infringement against Russell, not on Richardson's instant suit where Richardson has not asserted a claim of copyright infringement. (Docket Entry 19 ¶ 30). With respect to the Massachusetts suit, Richardson's arguments are improperly based on the merits of this claim. *See Warth*, 422 U.S. at 500; *Midwest Media Prop., L.L.C.*, 503 F.3d at 470; *Twin City Fire Ins. Co.*, 400 F.3d at 298.

Accepting the factual statements in Russell's counter complaint as true and construing the counter complaint in Russell's favor, the undersigned finds that Russell's malicious prosecution claim sufficiently alleges an injury in fact caused by Richardson's conduct which may be redressed by a favorable decision, i.e., constitutional standing. The cause of action for malicious prosecution is a creature of common law in both Tennessee and Massachusetts. *See Chervin*, 858

N.E.2d at 753; *Thompson*, No. W201500004COAR3CV, 2015 WL 7234539, at *4 n.6 (citing *Kauffman*, 448 S.W.2d 400). Russell alleges that Richardson's prior suit for copyright infringement, the basis of his claim for malicious prosecution, was brought intentionally and maliciously and resulted in significant harm to Russell, including serious mental injury and suffering. (Docket Entry 19 ¶¶ 30-32). The conduct complained of, Richardson's Massachusetts suit, is alleged to have directly resulted in this harm. (Docket Entry 19 ¶¶ 31-32). Last, Russell seeks damages for the emotional distress alleged to have resulted from the malicious civil suit. (Docket Entry 19, p. 10). Neither party has established that monetary damages are an insufficient remedy or that a favorable decision would be ineffective to resolve this claim of malicious prosecution. For these reasons, the motion to dismiss Russell's malicious prosecution counterclaim for lack of constitutional standing should be **DENIED**.

**2. Statute of Limitations**

A one-year statute of limitations applies to Russell's claim for malicious prosecution. *See* Tenn. Code Ann. § 28-3-104(a)(1)(A). The cause of action accrues, and the statute of limitations begins running, when the allegedly "malicious" suit is terminated in the initial defendant's favor. *See Bose Corp. v. Consumers Union of U. S., Inc.*, 326 N.E.2d 8, 9 n.1 (Mass. 1975).

To succeed on this cause of action in Massachusetts, "a plaintiff must establish that he was damaged because the defendant commenced the original action without probable cause and with [an improper purpose], and that the original action terminated in his favor." *Chervin*, 858 N.E.2d at 753, 758 (citation omitted). The cause of action in Tennessee requires essentially the same three elements, substituting "malice" for "improper purpose." *See Thompson*, No. W201500004COAR3CV, 2015 WL 7234539, at *4 (quoting *Roberts v. Fed. Exp. Corp.*, 842 S.W.2d 246, 247-48 (Tenn. 1992)). Facially, the causes of action do not appear to be in conflict.

13

The rub occurs when one takes a closer look at the third element, a "favorable termination," which serves a dual function: (1) a favorable termination is an essential element of the cause of action, and (2) the statute of limitations begins to run once this element is satisfied. *See Anderson v. Wal-Mart Stores, Inc.*, No. 1:07-00024, 2008 WL 1994822, at *3 (M.D. Tenn. May 2, 2008); *Bose Corp.*, 326 N.E.2d at 9 n.1.

In Tennessee, "a judgment that terminates a lawsuit in favor of one of the parties must address the merits of the suit rather than terminating the suit on procedural or technical grounds." *Himmelfarb v. Allain*, 380 S.W.3d 35, 38-41 (Tenn. 2012) (citation omitted) (holding that voluntary nonsuit without prejudice was not a favorable termination and rejecting comment j to the Restatement (Second) of Torts § 674 (Am. Law Inst. 1977)).

Massachusetts case law does not explicitly state whether dismissal of a claim for lack of personal jurisdiction is a favorable adjudication for purposes of a malicious prosecution action. It likely is not. Relying on the Restatement (Second) of Torts § 674, Massachusetts applies a broader standard for "favorable terminations" than Tennessee, accepting dismissal based on certain procedural deficiencies. *See Chervin*, 858 N.E.2d at 758-59 (finding that dismissal because of failure to prosecute the prior suit constituted termination in the defendant's favor); *Damon v. Hukowicz*, 964 F. Supp. 2d 120, 140-41 (D. Mass. 2013) (explaining in dicta that dismissal of civil citation because a party was not prepared to proceed at a hearing constituted dismissal in the defendant's favor); Restatement (Second) of Torts § 674 cmt. j. The comment to the Restatement also provides that the third element is met by a "favorable adjudication of the claim by a competent tribunal." Restatement (Second) of Torts § 674 cmt. j. It is unclear whether Massachusetts courts would also adopt this section of the Restatement, but the Magistrate Judge addresses it for good measure. Black's Law Dictionary defines a "court of competent

jurisdiction" or a "competent court" as "[a] court that has the power and authority to do a particular act; one recognized by law as possessing the right to adjudicate a controversy." COURT, Black's Law Dictionary (10th ed. 2014). Where a suit is dismissed for lack of personal jurisdiction, the court was not a competent tribunal for the particular controversy. *Nextel Commc'ns of Mid-Atl., Inc. v. Town of Hanson*, 311 F. Supp. 2d 142, 162 n.20 (D. Mass. 2004) (using an earlier version of Black's Law Dictionary to explain that the court was a "court of competent jurisdiction" because it had both subject matter jurisdiction and personal jurisdiction). Taking Massachusetts' case law and the Restatement into consideration, it appears unlikely that a Massachusetts court would find that a dismissal for lack of personal jurisdiction constitutes a "favorable termination" for purposes of a malicious prosecution claim.

The Massachusetts suit, *Richardson et al. v. Elrod et al.*, 1:14-cv-10760-WGY (D. Mass. July 16, 2014), was dismissed for lack of personal jurisdiction, a procedural termination of the suit. (Docket Entry 19-6). As the Massachusetts suit did not resolve the merits of the copyright infringement claim or terminate in Russell's favor in the manner accepted by Massachusetts precedent, Russell's claim for malicious prosecution has not accrued, and the statute of limitations for this action has not run. For this reason, the Magistrate Judge recommends that Richardson's motion to dismiss Russell's counterclaim for malicious prosecution as time-barred be **DENIED**.[6]

---

[6] If the District Judge opines that Tennessee's substantive law should apply to this claim, the Magistrate Judge would recommend the same result as Tennessee precedent requires that a "favorable termination" be on the merits of the claim. *See Himmelfarb*, 380 S.W.3d at 38-41. Further, as Richardson is represented by counsel, the undersigned is wary of construing his motion to dismiss for lack of standing and for being time-barred as a Rule 12(b)(6) motion to dismiss for failure to state a claim. If the District Judge is inclined to interpret Richardson's motion as also seeking dismissal under Rule 12(b)(6), the Magistrate Judge would recommend that the counterclaim for malicious prosecution be dismissed on account of the prior suit not terminating in Russell's favor.

**C. Intentional Infliction of Emotional Distress**

Russell asserted a counterclaim against Richardson for intentional infliction of emotional distress. (Docket Entry 19 ¶ 34). Richardson contends that this claim is barred by Tennessee's one-year statute of limitations for personal tort claims, Tenn. Code Ann. § 28-3-104(a)(1)(A). (Docket Entry 31-1, pp. 7-8). Richardson claims, and Russell did not correct him, that the latest instance of conduct relevant to this claim occurred on August 8, 2014. (Docket Entry 31-1, p. 8).[7] As Russell filed this counterclaim on October 14, 2015, and as Russell has not provided any reason to toll the statute of limitations, the one-year statute of limitations bars this claim as to the conduct that occurred on or before August 8, 2014. Subject to the comment regarding the May 15, 2015 conduct alleged, the Magistrate Judge recommends that Richardson's motion to dismiss Russell's counterclaim for intentional infliction of emotional distress concerning events happening on or before August 8, 2014 be **GRANTED**.

---

[7] Specifically, it appears that Russell's counterclaim for intentional infliction of emotional distress was based on the following instances:

1. A phone call from Richardson in 2012 during which Richardson told Russell that Richardson had written the song "Butterfly Feeling." (Docket Entry 19 ¶ 11).
2. Richardson's attorney emailed Russell on January 8 and 9, 2014, requesting documentation proving ownership of the song. (Docket Entry 19 ¶¶ 13-16).
3. Richardson brought a lawsuit for copyright infringement against Russell in Massachusetts on January 20, 2014. (Docket Entry 19 ¶ 17).
4. On July 24, 2014, Richardson posted on his Facebook account that Russell and Mr. Spears were song thieves. (Docket Entry 19 ¶ 21).
5. On August 8, 2014, Richardson published an article on the "Pissed Consumer" web site in which he asserted that Russell was a thief. (Docket Entry 19 ¶ 20). [As was already explained, this should be dated January 29, 2014 instead of August 8, 2014. (Docket Entry 1-4, pp. 3-4) (Docket Entry 19 ¶¶ 20, 41) (Docket Entry 19-8).]

Russell's counter complaint includes a more recent allegation, but it is unclear if this allegation was made in reference to this claim. Russell alleges that on May 15, 2015, Mr. Spears signed a false affidavit at Richardson's request in which Mr. Spears refuted the statements he had made in an affidavit supporting Russell's position. (Docket Entry 19 ¶¶ 22-23). As this alleged conduct took place within the applicable one-year statute of limitations, an allegation based on this conduct is not time-barred. Whether the merits of the claim are sufficient is a separate issue that has not been raised by the parties.

**D. Libel**

Russell asserts a counterclaim for libel against Richardson based on the following alleged occurrences: (1) an article published or caused to be published by Richardson on the "Pissed Consumer" website on January 29, 2014[8]; (2) a statement made by Richardson on his own Facebook page on July 24, 2014; (3) comments made by Richardson to Defendants Elrod and Cashbox which resulted in an internet story on Cashbox Magazine's internet section titled "Exposed" on October 17, 2013[9]; and (4) a lawsuit filed by Richardson against Russell in Massachusetts for copyright infringement which was dismissed for lack of personal jurisdiction in July 2014. (Docket Entry 19 ¶¶ 20-21, 41, 45-46).

Libel is governed by a one-year statute of limitations. Tenn. Code Ann. § 28-3-104(a)(1)(A). Generally, the statute of limitations begins accruing once the alleged libelous statement is published in the county where the suit is brought, a roaming "single publication" rule. *Ali v. Moore*, 984 S.W.2d 224, 228 (Tenn. Ct. App. 1998) (citing *Applewhite v. Memphis State Univ.*, 495 S.W.2d 190, 195 (Tenn. 1973)). This same rule applies to online publications. *Clark v. Viacom Int'l Inc.*, 617 F. App'x 495, 503-04 (6th Cir. 2015). Despite the fact that an online publication may last indefinitely, "Tennessee courts have never recognized a 'continuing defamation.'" *Id.* at 500 (quoting *Rose v. Cookeville Reg'l Med. Ctr.*, No. M200702368COAR3CV, 2008 WL 2078056, at *5 (Tenn. Ct. App. May 14, 2008)). As applied to claims of libel, the discovery rule, under which the statute of limitations tolls, only applies

---

[8] Though Russell submitted a copy of the statement as an attachment to his counter complaint, the version submitted by Russell did not contain the date of this statement. (Docket Entry 19-8). However, Richardson also attached a copy of this statement to his complaint, and it shows that the statement was made on January 29, 2014. (Docket Entry 1-4, p. 3). Russell responded to this statement on August 8, 2014. (Docket Entry 1-4, p. 4). The Magistrate Judges notes that even if Richardson had made the statement on August 8, 2014, the claim based on this conduct would still be time-barred.

[9] Though Russell did not state when this story was published, an attachment to Richardson's complaint shows that the story complained of was published on October 17, 2013. (Docket Entry 1-5).

when the written publication was "secretive or inherently undiscoverable." *Id.* at 501 (quoting *Ali*, 984 S.W.2d at 228).

Russell filed his counterclaim for libel on October 14, 2015, more than one year after the challenged statements were published. While it is possible that the comment on Richardson's Facebook page may be less public than a typical web page, Russell apparently was on notice of the Facebook post in July 2014. (Docket Entry 19-9). Further, neither party argues that tolling of the statute of limitations is appropriate in this suit. The Magistrate Judge recommends that Richardson's motion to dismiss Russell's counterclaim for libel be **GRANTED**.

E. **Civil Conspiracy**

Last, Russell alleges that Richardson engaged in a civil conspiracy. (Docket Entry 19 ¶¶ 47-50). In support of this theory, Russell makes the following allegations: Richardson found the lyrics and demo of the song "Butterfly Feeling," had it re-demoed by Billy Anderson, filed the song as his own with the United States Copyright Office, told the Copyright Office that the work was not done for hire and was not published, and released and sold the recording without re-registering it as a published work. (Docket Entry 19 ¶ 48). This was done, allegedly, to steal the song from Mr. Spears, Russell, and Alley Roads Music BMI, to defame Russell, and to commit fraud upon the Court. (Docket Entry 19 ¶ 48).

To maintain a claim for civil conspiracy in Tennessee, the plaintiff must establish the following elements: "(1) a common design between two or more persons, (2) to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means, (3) an overt act in furtherance of the conspiracy, and (4) resulting injury." *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 556 (Tenn. Ct. App. 2012) (quoting *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 38 (Tenn. Ct. App. 2006)).

18

Tennessee does not recognize a cause of action for a solo civil conspiracy; co-conspirators and a common plan are a prerequisite. As Russell's allegations solely implicate Richardson in this cause of action, he has failed to state "an agreement between two or more persons to injure another by unlawful action." *Weberg v. Franks*, 229 F.3d 514, 526 (6th Cir. 2000). Russell's counterclaim for civil conspiracy fails to state a claim upon which relief can be granted. For this reason, the Magistrate Judge recommends that Richardson's motion to dismiss Russell's counterclaim for civil conspiracy be **GRANTED**.

## IV. RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that Richardson's motion to dismiss (Docket Entry 31) be **GRANTED** as to Russell's counterclaims for intentional infliction of emotional distress, libel, and civil conspiracy and that Richardson's motion to dismiss be **DENIED** as to Russell's counterclaim for malicious prosecution.

Under Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen days, after being served with a copy of this Report and Recommendation to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this report and recommendation within fourteen days after being served with a copy thereof. Failure to file specific objections within fourteen days of receipt of this report and recommendation may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**ENTERED** this 20th day of April, 2016.

s/ Joe B. Brown  
Joe B. Brown  
U.S. Magistrate Judge