UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES A. RICHARDSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:15-cv-869 |
| | ) | Judge Trauger |
| v. | ) | Magistrate Judge Brown |
| | ) | **Jury Demand** |
| ED RUSSELL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

To: The Honorable Aleta A. Trauger, United States District Judge.

### **REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff Richardson's motion for entry of default judgement against Defendant Cashbox Magazine, Inc. ("Cashbox Magazine"). (Docket Entry 32). This motion follows the Clerk's entry of default against Cashbox Magazine on November 24, 2015. (Docket Entry 29). For the following reasons, the Magistrate Judge **RECOMMENDS** that Richardson's motion for entry of default judgement against Cashbox Magazine be **DENIED WITHOUT PREJUDICE** with leave to refile after the adjudication of his count for libel against Defendants Russell, Elrod, and Stroud.

### I. STATEMENT OF THE CASE

The procedural history of this case is explained in the Magistrate Judge's April 20, 2016 Report and Recommendation. (Docket Entry 47). For the ease of the reader, the pertinent facts are restated herein. On August 10, 2015, Richardson filed a complaint against the following Defendants: Ed Russell d/b/a/ Castle Records d/b/a Tower Music Group, Cashbox Magazine, Bruce Elrod, and Doug Stroud. (Docket Entry 1). Richardson pled counts of malicious

prosecution, intentional infliction of emotional distress, libel, and civil conspiracy. (Docket Entry 1).

Cashbox Magazine was only implicated in one count: a count of libel against Russell, Elrod, Stroud, and Cashbox Magazine. (Docket Entry 1). According to Richardson, both Stroud and Elrod are in charge of Cashbox Magazine. (Docket Entry 1 ¶ 30). Richardson alleges that Russell published, or caused to be published, false statements about Richardson on the "Pissed Consumer" website. (Docket Entry 1 ¶¶ 47-48). Richardson further alleges that Cashbox Magazine, Elrod, and Stroud maliciously republished Russell's defamatory statements on Cashbox Magazine's online "Exposed" section even though they knew the statements were false. (Docket Entry 1 ¶¶ 31, 51). This was done, argues Richardson, as "part of [a] scheme to discredit the Plaintiff and steal the song ["Butterfly Feeling"]." (Docket Entry 1 ¶ 31). Richardson claims that this conduct has made it impossible for Richardson to promote his song and caused individuals in the music industry to refrain from working with him. (Docket Entry 1 ¶ 52).

On November 24, 2015, the Clerk entered an order of default against Cashbox Magazine because no responsive pleading had been filed on behalf of the party. (Docket Entry 29). Richardson moved for entry for default judgment against Cashbox Magazine on December 1, 2015. (Docket Entry 32). Richardson seeks the following from Cashbox Magazine: (1) compensatory damages to remedy injuries to his person, reputation, property, and emotional well-being; (2) injunctive and declaratory relief; (3) punitive damages; (4) costs; (5) attorneys' fees; and (6) any other relief deemed appropriate by the Court. (Docket Entry 32-1 ¶ 7). This matter has been referred to the Magistrate Judge for a report and recommendation. (Docket Entry 8).

## II. STANDARD OF REVIEW

Rule 55(b) of the Federal Rules of Civil Procedure governs the procedures for obtaining a default judgment in a federal case. The Clerk may generally enter default judgment if the plaintiff seeks a "sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). Otherwise, the task of entering default judgment falls to the court which is empowered to conduct any hearings or referrals that are needed to enter or effectuate judgment. Fed. R. Civ. P. 55(b)(2).

When the claims at issue involve multiple parties, entry of default judgment is also tempered by Rule 54(b), Fed. R. Civ. P., which states:

> When . . . multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all . . . the rights and liabilities of fewer than all the parties does not end the action as to any of the . . . parties and may be revised at any time before the entry of a judgment adjudicating . . . all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

"When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000) (quoting *Exquisite Form Indus., Inc. v. Exquisite Fabrics of London*, 378 F. Supp. 403, 416 (S.D.N.Y. 1974)); *see also Loyless v. Oliveira*, No. 1:09-CV-239, 2011 WL 3703535, at *3 n.2 (E.D. Tenn. Aug. 23, 2011); *Broad. Music Inc. v. Wheels, Inc.*, No. 1:07-CV-78, 2008 WL 1751522, at *2-4 (E.D. Tenn. Apr. 11, 2008). This guideline applies in circumstances where the court is reluctant to risk inconsistent judgments among jointly liable defendants or defendants with closely related defenses. *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) (holding that, where a joint charge was made against several defendants, judgment should

not be entered as to a defaulted defendant until the merit of the claims against the remaining defendants is decided); *Nautilus Ins. Co. v. I.L.S. Gen. Contractors, Inc.*, 369 F. Supp. 2d 906, 908-09 (E.D. Mich. 2005) (denying without prejudice motion for default judgment where the remaining defendants would present the same defenses as the defaulted defendants and the court sought to avoid inconsistent judgments).

### III. ANALYSIS

Richardson's claim is not for a "sum certain or a sum that can be made certain by computation." *See* Fed. R. Civ. P. 55(b)(1). Accordingly, the Court must resolve the motion for default judgment. *See* Fed. R. Civ. P. 55(b)(2). Since the claim against Cashbox Magazine was also alleged against several other non-defaulted parties, Russell, Elrod, and Stroud, the considerations of Rule 54(b) are incorporated. That is, the Court may enter a final judgment in Richardson's favor against Cashbox Magazine at this time only if the Court "expressly determines that there is no just reason for delay."

The facts in this case do not require such a speedy entry of default judgment. As the Defendants are alleged to have schemed to discredit Richardson by publishing allegedly defamatory statements, the Defendants may be jointly liable. *See Stansberry v. McKenzie*, 241 S.W.2d 600, 601 (Tenn. 1951) ("When there 'exists a common agreement or conspiracy between' two or more parties to injure a party by the utterance or publication of slanderous statements then the parties who thus agree or conspire are jointly liable.") (citing *Schoedler v. Motometer Gauge & Equip. Corp.*, 15 N.E.2d 958 (Ohio 1938) and *Woods v. Haefer*, 63 S.W.2d 891, 893 (Tex. Civ. App. 1933)). Further, the remaining Defendants: Russell, Elrod, and Stroud, would very likely rely on the same defenses to libel as would Cashbox Magazine had default not been entered. Entry of default judgment at this point would risk the possibility of the Court

entering inconsistent judgments on a claim where each Defendant appears to share the same liability and defenses. To ensure that the relief obtained is consistent, Richardson's motion for default judgment against Cashbox Magazine should be denied without prejudice. The entry of default against Cashbox Magazine should remain unchanged, and Richardson should be given leave to refile his motion for entry of default judgment against Cashbox Magazine following the adjudication of his libel claim against the remaining Defendants: Russell, Elrod, and Stroud.

## IV.  RECOMMENDATION

The Magistrate Judge **RECOMMENDS** that Richardson's motion for entry of default judgment against Cashbox Machine (Docket Entry 32) be **DENIED WITHOUT PREJUDICE** with leave to refile after the adjudication of his count for libel against Russell, Elrod, and Stroud.

Under Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen days, after being served with a copy of this Report and Recommendation to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this report and recommendation within fourteen days after being served with a copy thereof. Failure to file specific objections within fourteen days of receipt of this report and recommendation may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**ENTERED** this 25th day of April, 2016.

s/ Joe B. Brown  
Joe B. Brown  
U.S. Magistrate Judge