UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **JAMES A. RICHARDSON, JR.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil No. 3:15-CV-869** |
| | ) | **Judge Aleta A. Trauger** |
| | ) | |
| **ED RUSSELL,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This Memorandum and Order addresses several matters:

**I.     Correction**

On May 19, 2016, the court issued a Memorandum and Order. (Docket No. 55.) That Order was entered in error and is hereby vacated.

**II.     First Objections to Report and Recommendation**

On April 20, 2016, the Magistrate Judge issued a Report and Recommendation ("R&R") (Docket No. 47), which recommends that, *inter alia*, the Motion to Dismiss (Docket No. 31) filed by the plaintiff be granted in part and denied in part as to defendant Russell's counterclaims. Russell filed a document entitled "Plaintiff Answer to Court's Recommendation" (Docket No. 52) within the period allowed for the filing of Objections.

Russell's filing contains no substantive response relevant to the R&R. Rather, it merely is a short restatement of Russell's claims. Indeed, it does not even mention the legal discussion contained in the R&R. Even if viewed as "Objections," this commentary is not specific to the R&R and is, therefore, overruled. Even if the court were to view Russell's *pro se* submission as

1

a general objection to the entire R&R, "a general objection to the entirety of the magistrate judge's report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). This Objection will, therefore, be overruled.

## II. Second Objection to Report and Recommendation

The R&R specifically recommends that the Motion to Dismiss be denied as to defendant Russell's counterclaim for malicious prosecution. (Docket No. 47.) Richardson has filed an Objection to the R&R concerning this conclusion. (Docket No. 54).

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

This case arises from a contentious dispute regarding the authorship and ownership of a song titled "Butterfly Feeling." In this suit, Richardson maintains that he wrote the song in 2009 and that Russell, among others, acted in concert to steal the song. Richardson brought a lawsuit for copyright infringement against Russell and others in the District Court of Massachusetts in January 2014. The case was dismissed in July 2014 for lack of personal jurisdiction. Russell next filed a copyright infringement case against Richardson in this Court. On August 10, 2015, Richardson filed a complaint in which he alleged claims of libel, malicious prosecution, intentional infliction of emotional distress, and civil conspiracy against Russell and others.

2

(Docket No. 1.) On October 14, 2015, Russell, proceeding *pro se*, filed a counter complaint in which he asserted claims of libel, malicious prosecution, intentional infliction of emotional distress, and civil conspiracy against Richardson. (Docket No. 19.) On November 30, 2015, Richardson moved to dismiss Russell's counterclaims for failure to state a claim and for lack of subject matter jurisdiction. (Docket No. 31.) Russell responded to this motion on December 11, 2015, though he did not address the merits of Richardson's motion to dismiss. (Docket No. 39.)

In Richardson's Motion to Dismiss, he exclusively argued that Russell's malicious prosecution claim is barred by the statute of limitations or, alternatively, a lack of constitutional standing. (Docket No. 31-1, pp. 5-7.) The Magistrate Judge examined these issues and concluded that neither formed a basis for dismissal of the claim. (See Docket No. 47 at pp. 9-15.) The court agrees with those analyses.

The Magistrate Judge also observed in a footnote:

> as Richardson is represented by counsel, the undersigned is wary of construing his motion to dismiss for lack of standing and for being time-barred as a Rule 12(b)(6) motion to dismiss for failure to state a claim. If the District Judge is inclined to interpret Richardson's motion as also seeking dismissal under Rule 12(b)(6), the Magistrate Judge would recommend that the counterclaim for malicious prosecution be dismissed on account of the prior suit not terminating in Russell's favor.

(Docket No. 47, p. 15 n. 6.) The Objections seize upon this opening and claim that the Magistrate Judge erred by not ruling under Rule 12(b)(6) in Richardson's favor. The court, however, has reviewed the Motion to Dismiss and does not find that Richardson requested dismissal of the malicious prosecution claim under Rule 12(b)(6). His entire legal discussion is focused on statute of limitations and standing. The fact that he may have referenced the Rule elsewhere in the motion is of no avail. The Magistrate Judge properly limited his ruling to

3

procedural grounds and the court will not disturb that conclusion upon *de novo* review. Accordingly, this Objection will be overruled and Russell's malicious prosecution claim will proceed.

For these reasons,

1. The defendant's Objections (Docket No. 52) and the plaintiff's Objections (Docket No. 54) are both **OVERRULED**.

2. The court **ACCEPTS AND ADOPTS** the Report and Recommendation (Docket No. 47).

3. The Memorandum and Order at Docket No. 55 is **VACATED**.

**IT IS SO ORDERED**.

Enter this 19th day of May 2016.

_____
ALETA A. TRAUGER
United States District Judge